UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Rodney E. Wall, #20640-057,<br><br>    Petitioner,<br><br>vs.<br><br>United States of America; and<br>John Owens,<br><br>    Respondent. | C/A No. 2:10-3205-CMC-RSC<br><br><br>REPORT AND<br>RECOMMENDATION |

The petitioner, Rodney E. Wall ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is a federal prisoner at FCI-Williamsburg, a facility of the Federal Bureau of Prisons in South Carolina. Petitioner was convicted and sentenced in the United States District Court for the Western District of North Carolina to life imprisonment, after application of 21 U.S.C. § 841(b)(1)(a), which requires a mandatory life sentence based on two or more prior felony drug offenses. Petitioner contends recent changes in the law now disqualify at least one of his prior convictions as a valid predicate offense, allowing him to proceed under § 2241 as a remedy to "vacate conviction and sentence for resentencing" without application of the mandatory life provision of 21 U.S.C. §

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

841(b)(1)(a). ECF No. 1 at 2, 8. This action should be summarily dismissed because it is clear from the petition, with attachments, that the relief requested is not available pursuant to § 2241.

### *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). This court is charged with screening Petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to construe *pro se* petitions liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (A document filed *pro se* is to be liberally construed.). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys,

and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal.

## BACKGROUND

After a jury trial in the United States District Court for the Western District of North Carolina ("Sentencing Court"), Petitioner was convicted on October 26, 1999 of conspiracy to possess and distribute cocaine base within 1000 feet of a protected area in violation of 21 U.S.C. §§ 846, 841(a)(1) and 860, as well as possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). *United States v. Wall*, No. 3:99-CR-24-9-V (W.D.N.C. filed March 1, 1999). Petitioner was sentenced on July 7, 2000 to life imprisonment. *Id.* On direct appeal, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") vacated his sentence and remanded directing that Petitioner should

be resentenced to 60 years in prison, the maximum sentence he can receive, absent prior drug felony convictions. *United States v. Willoughby*, 39 F.App'x. 28 (4th Cir. April 29, 2002). The Fourth Circuit subsequently, however, granted the Government's motion for rehearing, and in light of *United States v. Cotton*, 535 U.S. 625 (2002), reinstated Petitioner's life sentence. *United States v. Willoughby*, 41 F.Appx. 602 (4th Cir. July 30, 2002). The United States Supreme Court denied Petitioner's Petition for Writ of Certiorari on February 24, 2003.

On March 1, 2004, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, which was denied by the Sentencing Court. *United States v. Wall*, No. 3:04-cv-0077-RLV (W.D.N.C. June 10, 2005). Petitioner subsequently filed a Motion to Alter or Amend Judgment under Rule 59(e), which was denied on August 18, 2005, and then appealed to the Fourth Circuit, which denied a certificate of appealability. *United States v. Wall*, No. 06-6012, 2006 WL 2381508 (4th Cir. August 17, 2006). Petitioner next filed a motion construed as filed under Rule 60(b), as well as a Motion to Correct Presentence Investigation Report, both of which were denied on November 24, 2008, and then appealed to the Fourth Circuit, which denied a certificate of appealability. *United States v. Wall*, No. 09-6146, 2009 WL 1497478 (4th Cir. May 29, 2009). The Fourth Circuit also construed Petitioner's notice of appeal as an application to file a second or successive motion

under § 2255, and denied authorization. *Id.* Petitioner then filed a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2), which was denied on August 31, 2009, and the denial was affirmed by the Fourth Circuit on appeal. *United States v. Wall*, No. 09-7681, 2010 WL 653385 (4th Cir. February 24, 2010). Recently,, the Fourth Circuit denied Petitioner's motion under 28 U.S.C. § 2244 for an order authorizing the Sentencing Court to consider a second or successive § 2255 motion. *In re: RODNEY EDWARD WALL*, No. 10-232 (4th Cir. August 10, 2010). Petitioner now files a § 2241 habeas petition seeking to vacate his conviction and sentence.

## DISCUSSION

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010)(citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997)). Congress enacted § 2255, a postconviction remedy in the sentencing court, as a substitute for the traditional habeas corpus remedy under § 2241, which is filed in the district court within the jurisdiction of confinement. *Swain v. Pressley*, 430 U.S. 372, 377-78 (1977). However, § 2255 does not completely preclude use of § 2241 by federal prisoners challenging their conviction and sentence, because § 2255 contains a "savings clause," which provides, as follows:

> An application for a writ of habeas corpus in

>behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The savings clause is not satisfied merely because a petitioner's prior § 2255 motion was unsuccessful, or if a petitioner is unable to meet the requirements to file a successive § 2255. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *see also Rice v. Rivera*, 617 F.3d at 807. It is noteworthy that Petitioner has presented challenges to the enhancement of his sentence, both on direct appeal and in his § 2255 motion, as well as the Rule 59(e) and 60(b) motions, filed in the Sentencing Court. The fact that Petitioner did not prevail in his direct appeal, § 2255 motion and various other motions before the Sentencing Court, does not open the door for him to bring those same arguments in a habeas action under § 2241. *See In Re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997)(*en banc*)( mere inability to obtain relief under § 2255 does not establish that § 2255 remedy is inadequate or ineffective).

Some circumstances, however, must exist "in which resort to

§ 2241 would be permissible; otherwise, the savings clause itself would be meaningless." *In re Jones*, 226 F.3d at 333. The *Jones* Court concluded that:

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Jones*, 226 F.3d at 333-34. Petitioner's circumstances do not meet the *Jones* requirements. Petitioner fails to establish that § 2255 is inadequate and ineffective to test the legality of his detention, and therefore this Court cannot consider his § 2241 petition.

Petitioner contends that "the savings clause is not limited only to the situation that <u>Jones</u> faced," but "the <u>Jones</u> court found persuasive, the other circuits focus on the more fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, has no source of redress... [*In re Jones* at] 333, N-3." ECF No. 1-2 at 4. Petitioner points to *United States v. Maybeck*, 23 F.3d 888 (4th Cir. 1994), as analogous, in finding that "the defendant was 'actually innocent' of the predict offense which was used to enhance his sentence." *Id*. The Fourth Circuit in *Maybeck*, however, was considering the denial of a § 2255 motion, the

7

appropriate remedy for challenging sentence enhancements, not a challenge brought in a § 2241 habeas action, as filed by Petitioner. In fact, the Fourth Circuit in *United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008), noted that "Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence." The Petitioner's contention that he is entitled to relief under § 2241 because he is actually innocent of his enhanced sentence, challenges only his sentence, and is insufficient to invoke the savings clause in § 2255. The § 2241 petition does not established that a § 2255 motion is "inadequate or ineffective to test the legality of [Petitioner's] detention," and therefore Petitioner's § 2241 petition should be dismissed.

## RECOMMENDATION

It is recommended that the habeas petition in this case be dismissed without prejudice and without requiring a response from Respondent. **The petitioner's attention is directed to the important notice on the next page.**

                                              /s/ Robert S. Carr
Robert S. Carr
United States Magistrate Judge

January 31, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).